**UNITED STATES of America**
**v.**
**PREMISES, 801 NORTH SEVENTH STREET.**

**UNITED STATES of America**
**v.**
**PREMISES, 85 ISLAND BAY LANE.**

**Vincent R. HILL, Petitioner,**
**v.**
**Jay G. PHILPOTT, District Director of Internal Revenue, et al., Respondents.**
**Misc. Nos. 70-4, 70-5.**

United States District Court,
S. D. Illinois, S. D.
March 30, 1970.

Frank J. Violanti, U. S. Atty., J. William Roberts, Asst. U. S. Atty., for the United States and respondents.

Robert G. Heckenkamp, Heckenkamp & Fuiten, Springfield, Ill., for petitioner.

## MEMORANDUM AND ORDER

POOS, Chief Judge.

These proceedings come before the Court on the petition of Vincent R. Hill for an order to show cause which I have treated as a motion for return of property and to suppress evidence under Rule 41(e) of the Federal Rules of Criminal Procedure. The petition requested an immediate hearing on his petition whereby he seeks "the immediate return of books, records, and papers and other things taken from petitioner's office, home and possession on February 19, 1970;" and "the suppression of all books, papers and other things taken from his said office, home and possession on February 19, 1970, and the suppression of any and all evidence developed or arising from the use thereof." The Petitioner filed an amendment to his petition on February 24, 1970, the date on which the hearing herein was held; and he filed a further amendment thereto on February 27, 1970.

The facts giving rise to the petition are as follows: The petitioner is a licensed physician and surgeon who has been engaged in the practice of medicine at Springfield, Illinois, in excess of 20 years. He resides at 85 Island Bay Lane, Springfield, Illinois, and he maintains an office for the practice of his profession at 801 Seventh Street, Springfield, Illinois. On February 19, 1970, I, as a United States District Judge, at Springfield, Illinois, issued two search warrants: one was directed to Dr. Hill's residence; the other to his office. The warrants were issued on the

affidavit of Ralph Ranalletta, a special agent of the Internal Revenue Service, and the supporting affidavits of Mrs. Arlene Struchtemeyer, Sandra O'Neill, Mrs. Betty White, Gail Gunther Schielke, all former employees who had assisted Dr. Hill in his office practice and who, in various capacities and under the direction and supervision of Dr. Hill and his wife—June—made and kept various records, including the fiscal records with respect to Dr. Hill's patients. The affidavits of special agent Ranalletta, upon which the two search warrants were issued, set forth, respectively, that there was then being concealed certain property, namely

"fiscal records relating to the income and expenses of Dr. Vincent R. Hill from his medical practice and other sources since January 1, 1963, including but not limited to control records and ledger cards compiled and kept by use of a Burroughs machine bookkeeping system; log books; or journals; copies of receipts covering payments of fees; appointment books; records of visitations of patients away from the medical office; patients' folders and their contents; adding machine tapes; bank deposit slips; bank statements; cancelled checks; copies of federal income tax returns; and divers other records of financial transactions which are intended for use in violating the provisions of the Internal Revenue laws or regulations prescribed thereunder, or which have been so used; particularly Sections 7302 and 7201 of the Internal Revenue Service laws (26 U.S.C. 7302–7201). Said records also comprise evidence of criminal offenses in violation of the laws of the United States within the meaning of Section 3103(a), 18 U.S. C.," and that "All of such [Petitioner's] acts and conduct constituted an attempt to evade or defeat income tax laws in violation of Title 26, United States Code, Section 7201 * * *."

Upon the showing made before me, I issued two search warrants which authorized special agent Ralph Ranalletta and other special agents of the Intelligence Division of the Internal Revenue Service to search the premises described, respectively, for the above described records for the period January 1, 1963 to the date of the search warrants, stating that there was probable cause to believe that the property so described was being concealed on the premises described in the respective warrants and that the grounds stated in the application for the issuance of the respective warrants existed. The search for and the seizure of various books, records, etc., took place on February 19, 1970, at the places described in the two search warrants, respectively, and a return thereof thereafter was duly made. On February 20, 1970, on the Petitioner's oral motion the Court issued an order restraining the Government from photographing or in any way using the seized records until such time as the Court could hear the Petitioner's motion or motions. That order of restraint has been in effect until the date of the issuance of this order. Furthermore, the Internal Revenue Service was ordered to make available to the petitioner, at any time, upon reasonable notice, photographic copies of any of the seized records needed by the petitioner in the conduct of his medical practice.

Petitioner does not challenge the validity of the search warrants as such; nor does he attack the probable cause upon which each of the applications for a search warrant was based. The issues he poses are: (1) whether a search warrant can validly issue, under the provisions of Rule 41(b) of the Federal Rules of Criminal Procedure, for the seizure of his private books, papers and documents in the face of the privilege against self-incrimination conferred upon him by the Fifth Amendment to the Constitution of the United States;[1]

---

1. nor shall be. compelled in any criminal case to be a witness against himself, nor

be deprived of life, liberty, or property, without due process of law.

(2) whether the sweep of the language in the search warrant describing the property to be seized is indiscriminative and violative of his constitutional rights under the Fourth Amendment to be secure against unreasonable searches;[2] and (3) whether the seizure of Petitioner's books and records under the search warrants deprived him of his property without due process of law in violation of the Fifth Amendment.[3]

The search warrants with which we are here concerned were issued by me upon a showing of probable cause supported by the oath of T. Ralph Ranalletta and the supporting oaths of Mrs. Arlene Struchtemeyer, Sandra O'Neill, Mrs. Betty White and Gail Gunther Schielke. Each search warrant described with particularity the place to be searched and the things to be seized. Petitioner contends that the seizure of his personal books, papers and documents violated his rights under the Fourth and Fifth Amendments. The short answer to that contention was stated by the Supreme Court in Boyd v. United States, 116 U.S. 616, 624, 6 S.Ct. 524, 529, 29 L.Ed. 746 (1885) as follows:

> The entry upon premises, made by a sheriff or other officer of the law, for the purpose of seizing goods and chattels by virtue of a judicial writ * * * is not within the prohibition of the fourth or fifth amendment, or any other clause of the constitution.

The Fourth Amendment does not denounce all searches and seizures; it denounces only such searches and seizures as are unreasonable. Carroll v. United States, 267 U.S. 132, 147, 45 S. Ct. 280, 69 L.Ed. 543 (1924); United States v. Rabinowitz, 339 U.S. 56, 60, 70 S.Ct. 430, 94 L.Ed. 653 (1949).

Authority to issue search warrants is conferred upon a judge of the United States, a state, commonwealth or territorial court of record and a United States Commissioner within the district wherein the property sought is located by Rule 41(a) of the Federal Rules of Criminal Procedure. The grounds for issuance of a warrant are stated in Rule 41(b).[4] On June 19, 1968, the Omnibus Crime Control and Safe Streets Act of 1968 (Public Law 90–351, Title IX) amended Rule 41 by adding an additional ground for issuing a warrant as follows:

> Section 3103a. Additional grounds for issuing warrant.

> In addition to the grounds for issuing a warrant in Section 3103 of this title, [Rule 41 of the Federal Rules of Criminal Procedure], a warrant may be issued to search for and seize any property which constitutes evidence of a criminal offense in violation of the law of the United States.

The Fourth Amendment protects against the unreasonable search and seizure of persons, houses, papers and effects. At the time of the searches and seizures with which we are here concerned, the Petitioner was not arrested, nor is he presently under arrest. The seizures that were made under the search warrants were the seizures of the Petitioner's fiscal records relating to the income and expenses of his medical prac-

---

2. The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

3. nor shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property, without due process of law.

4. (b) Grounds for Issuance. A warrant may be issued under this rule to search for and seize any property
   (1) Stolen or embezzled in violation of the laws of the United States; or
   (2) Designed or intended for use or which is or has been used as the means of committing a criminal offense; or
   (3) Possessed, controlled, or designed or intended for use or which is or has been used in violation of Title 18, U.S.C., § 957. As amended Dec. 27, 1948, eff. Oct. 20, 1949.

tice for the period January 1, 1963 to February 19, 1970—the date on which the search warrants were issued—including but not limited to,

"fiscal records relating to the income and expenses of Dr. Vincent R. Hill from his medical practice and other sources since January 1, 1963, including but not limited to control records and ledger cards compiled and kept by use of a Burroughs machine bookkeeping system; log books; or journals; copies of receipts covering payments of fees; appointment books; records of visitations of patients away from the medical office; patients' folders and their contents; adding machine tapes; bank deposit slips; bank statements; cancelled checks; copies of federal income tax returns; and divers other records of financial transactions which are intended for use in violating the provisions of the Internal Revenue laws or regulations prescribed thereunder, or which have been so used; particularly Sections 7302 and 7201 of said Internal Revenue Service laws (26 U.S.C. 7302–7201). Said records also comprise evidence of criminal offenses in violation of the laws of the United States within the meaning of Section 3103(a), 18 U.S.C."

■■ There is no special sanctity in papers, as distinguished from other forms of property, which renders them immune from search and seizure. Gouled v. United States, 255 U.S. 298, 309, 41 S.Ct. 261, 65 L.Ed. 647 (1920); Marron v. United States, 275 U.S. 192, 199, 48 S.Ct. 74, 72 L.Ed. 231 (1927); Stanford v. Texas, 379 U.S. 476, 485, 85 S.Ct. 506, 13 L.Ed.2d 431, fn. 16 (1964). Rule 41(b) of the Federal Rules of Criminal Procedure provides that a warrant may be issued thereunder to search for and seize any property " * * * (2) designed or intended for use or which is or has been used as the means of committing a criminal offense;" or (18 U.S.C. Sec. 3103a) "any property that constitutes evidence of a criminal offense in violation of the laws of the United

States." Ranalletta's affidavits for search warrants not only provided the probable cause for the issuance of the search warrants but also established that the papers, books, records, and documents sought to be seized were the instrumentalities by which the crimes of willfully attempted tax evasion had been and were then being committed, as well as evidence of the crimes of willfully attempted tax evasion. As instrumentalities of a crime they were subject to forfeiture under Section 7302 of the Internal Revenue Code and as evidence, they were subject to seizure under 18 U.S.C. A. Section 3103a. See also Warden, Md. Penitentiary v. Hayden, 387 U.S. 294, 309–310, 87 S.Ct. 1642, 18 L.Ed.2d 782 (1966). Moreover, as to what was to be taken pursuant to the search warrants, the description in the warrants of the papers to be seized left nothing to the discretion of the officers executing the search warrants. Marron v. United States, 275 U.S. 192, 196, 48 S.Ct. 74 (1927).

■ Petitioner contends that the seizure of his records violates his constitutional right to due process in that it denies him the right to practice his profession free from unreasonable governmental interference. His contention is devoid of merit. The search warrants were issued in compliance with the requirement of the Fourth Amendment and Rule 41 of the Federal Rules of Criminal Procedure.

On Petitioner's motion I entered a temporary order enjoining the Respondents from using the seized papers and documents in any manner pending the further order of this court; and I ordered the Respondents to provide the Petitioner with photographic copies of any and all records he might require in order to carry on his medical practice. Petitioner has made no showing that he has been prevented from carrying on, or that he has been deprived of his right to carry on the practice of his profession; nor has he shown that Respondents have denied him access to the seized papers and documents for the purpose of photo-

graphing or copying any such paper or document that he requires in the conduct of his medical practice. Inasmuch as the search warrants under consideration were issued upon a showing that probable cause existed for the belief that the Petitioner's books, papers and documents were intended for use and had been used by him in committing the offenses of willfully attempted tax evasion in violation of Section 7201 of the Internal Revenue Code for the years 1963 to 1969, inclusive, the seizures under the warrants did not infringe upon Petitioner's right to due process of law.

Accordingly, Petitioner's motion for the return of property and the suppression of evidence, as amended, is hereby denied.

It is ordered that within 20 days from the date of the issuance of this Memorandum and Order the Respondents shall provide the Petitioner with photographic or electronically duplicated copies of all books, papers and documents that were seized under the authority of the search warrants.